UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-3093(DSD/JJK)

Steven B. Hoyt and Bradley A.
Hoyt, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                                                                              **ORDER**

Marriott Vacations Worldwide
Corporation, Marriott Ownership
Resorts, Inc. d/b/a Marriott
Vacation Club International,
The Ritz-Carlton Hotel Company,
L.L.C., The Ritz-Carlton
Management Co., L.L.C., The
Ritz-Carlton Development Co.,
Inc., and The Ritz-Carlson Sales
Company, Inc.,

        Defendants.

>    Anne T. Regan, Esq., Charles S. Zimmerman, Esq, Bradley
>    C. Buhrow, Esq. and Zimmerman Reed, PLLP, 1100 IDS
>    Center, 80 South Eighth Street, Minneapolis, MN 55402,
>    counsel for plaintiffs.
>
>    Philip R. Sellinger, Esq., Ian S. Marx, Esq. and
>    Greenberg Traurig, LLP, 200 Park Avenue, Florham Park, NJ
>    07932 and Courtney E. Ward-Reichard, Esq. and Nilan,
>    Johnson, Lewis PA, 120 South Sixth Street, Suite 400,
>    Minneapolis, MN 55402, counsel for defendants.

    This matter is before the court upon the motion for judgment on the pleadings or to clarify under Rule 54(b) by defendants. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

The background of this action is fully set out in the court's previous order dated February 7, 2014, and the court recites only those facts necessary for disposition of the instant motion. In 2003, plaintiffs Steven and Bradley Hoyt purchased fractional interests in Ritz-Carlton resorts in Beaver Creek and Aspen, Colorado, respectively. Am. Compl. ¶¶ 1, 2, 24. Plaintiffs signed contracts with The Ritz-Carlton Development Co., Inc. and The Ritz-Carlton Sales Company, Inc. (Contracting Defendants). Marx Decl. Exs. A(1)-(2). Among other things, the contracts allowed plaintiffs to exchange their allotted days at the Colorado properties for days at other participating resorts. Am. Compl. ¶¶ 5-6. In 2009, Ritz-Carlton restructured its membership program to include points-based access to Ritz-Carlton properties and to allow affiliate Marriott Vacation Club members access to Ritz-Carlton properties. See id. ¶¶ 9-12, 14. Ritz-Carlton also eliminated certain properties from its portfolio.[1] See id. ¶ 13. Plaintiffs allege that these changes impaired their ability to enjoy their properties and diminished the value of their fractional interests. See id. ¶¶ 15-16. Plaintiffs sued the Contracting Defendants and their affiliates, defendants Marriott Vacations Worldwide Corporation, Inc., Marriott Ownership Resorts, Inc., the

---

[1] Specifically, Winding Bay (the Bahamas) and Kapalua Bay (Hawaii) were deleted from the membership program. Am. Compl. ¶ 13.

2

Ritz-Carlton Hotel Company, LLC, and Ritz-Carlton Management Co., LLC (Non-contracting Defendants), alleging breach of contract, unjust enrichment, and violation of state consumer protection statutes.

In its prior order, the court dismissed all of plaintiffs' claims except (1) the portion of the contract claim relating to the deletion of resorts[2] and (2) the unjust enrichment claim against the Non-contracting Defendants.  ECF No. 76, at 10-11, 13-15.  In declining to dismiss the unjust enrichment claim, the court noted that the existence of an applicable contract does not bar an unjust enrichment claim as to non-contracting parties.  Id. at 15, n.8. The parties did not address, and the court did not determine, whether an unjust enrichment claim is viable against non-contracting parties when the conduct underlying the claim is authorized by contract.  Defendants now move to dismiss the portions of the unjust enrichment claim that correspond to the dismissed portions of the breach-of-contract claim.  In other words, defendants ask the court to limit the unjust enrichment claim to plaintiffs' grievance regarding the deletion of resorts.

---

[2]   Plaintiffs also based their contract claim on the introduction of the points-based system and allowing affiliate members to access Ritz-Carlton properties. Am. Compl. ¶ 86.  The court determined that those changes were permitted under the contract. ECF No. 76, at 8-10.

**DISCUSSION**

## I.  Standard of Review

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).[3]

---

[3]  Defendants alternatively move under Rule 54(b) for clarification of the court's prior order. Because the issue raised here was not squarely presented in the previous motion, the court declines to clarify its order and instead will consider the motion under Rule 12(c).

4

**II.  Unjust Enrichment**

Under Colorado law,[4] "[t]he claim of unjust enrichment is a judicially-created remedy designed to undo the benefit to one party that comes at the unfair detriment of another." Lewis v. Lewis, 189 P.3d 1134, 1141 (Colo. 2008) (citation omitted).  "[I]t is an equitable remedy and does not depend on any contract, oral or written."  Id. (citation omitted).  "[A] party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation."  Id. (citation omitted).

Defendants argue that plaintiffs cannot establish the required injustice because, as the court has already held, the conduct at issue was contractually permitted.  Plaintiffs respond that their unjust enrichment claim is broader than their contract claim.  The court disagrees.  The complaint does not include allegations unique to the non-contracting defendants.  Nor is the unjust enrichment claim substantively broader than the contract claim.  Furthermore, the court has already rejected this argument, specifically finding that "plaintiffs' allegations of unjust enrichment concern contractual, rather than extra-contractual matters." ECF No. 76, at 14-15.

---

[4] Colorado law applies to the parties' dispute.  ECF No. 76, at 6.

Plaintiffs also argue that the court should apply the general rule that an unjust enrichment claim can proceed against a defendant that was not a party to the contract. See <u>MidCities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n</u>, No. 12-cv-03322-LTB, 2013 WL 3200088, at *8 (D. Colo. June 24, 2013). The issue presented is more limited, however. The question is whether contractually permitted conduct can serve as the basis for an unjust enrichment claim against non-contracting parties.

There is little case law in Colorado on this narrow question and the cases relied on by defendants are not squarely on point. See <u>Cross Country Land Servs., Inc. v. PB Telecomms., Inc.</u>, 276 F. App'x 825, 833-35 (10th Cir. 2008) (affirming dismissal of unjust enrichment claim as a "repackaging" of the plaintiff's dismissed contract claim because the contract claim was inconsistent with plaintiff's choice of rescission as a remedy); <u>First Horizon Merch. Servs. v. Thoma Cressey Fund VI, LP</u>, No. 02-cv-3831, 2006 WL 3877834, ¶¶ 1, 106-08 (Colo. Dist. Ct. Apr. 24, 2006) (dismissing plaintiff's unjust enrichment claim against non-contracting parties after determining that the contract claim failed because defendants were not alter egos of the now-defunct contracting party). The court nevertheless agrees with defendants that, in general, conduct authorized by contract cannot form the basis of an unjust enrichment claim against third parties. See <u>Monus v. Colo. Baseball 1993, Inc.</u>, 103 F.3d 145 (Table), 1996 WL 723338, at *15

(10th Cir. Dec. 17, 1996) (rejecting unjust enrichment claim because "[h]aving received the benefit of the bargain he agreed to, plaintiff has made no showing that there are inequitable circumstances justifying his claim of unjust enrichment."). Where, as here, plaintiffs have failed to sufficiently allege improper underlying conduct, there is no injustice and no claim for unjust enrichment. See Cleary v. Philip Morris Inc., 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim - and, of course, unjust enrichment will stand or fall with the related claim."); Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 987 (8th Cir. 2008) (dismissing unjust enrichment claim where underlying tort claims had been dismissed); Steamfitters Local Union 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 937 (3d Cir. 1999) (dismissing unjust enrichment claim where court had dismissed underlying tort claims upon which it was based).

The court concludes that plaintiffs' unjust enrichment claim is limited to their grievance regarding the deletion of resorts. Consistent with that determination, the court also sustains defendants' objections to Magistrate Judge Jeffrey J. Keyes's July 18, 2014, order granting in part the motion to compel discovery. Discovery shall be limited to the grievance regarding the deletion of resorts.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The motion for judgment on the pleadings [ECF No. 107] is granted as set forth above; and

2.  The objections to the order granting in part the motion to compel discovery [ECF No. 111] are sustained.

Dated:  November 6, 2014

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court